**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

LORETTA GAIL COLE, Personal
Representative of the Estate of Theta L.
Doty,

  Plaintiff - Appellant,[*]

v.

EDWARD LAKE, Director of Oklahoma
Department of Human Services, in his
official capacity; JOEL NICO GOMEZ,
Director of Oklahoma Health Care
Authority, in his official capacity,

  Defendants - Appellees.

No. 13-6225
(D.C. No. 5:13-CV-00051-C)
(W.D. Okla.)

**ORDER AND JUDGMENT**[**]

Before **BRISCOE**, Chief Judge, **PORFILIO** and **O'BRIEN**, Circuit Judges.

---

[*] The Plaintiff in district court, Theta L. Doty, died on or about October 25, 2013, after the appeal was filed. We grant the motion of her appointed personal representative, Loretta Gail Cole, to be substituted as Plaintiff-Appellant in this appeal. *See* Fed. R. App. P. 43(a)(1).

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

After the Oklahoma Department of Human Services (OKDHS) terminated her Medicaid benefits, Theta L. Doty sought administrative review of the termination decision. While her administrative appeal to the Chief Administrative Officer of OKDHS was pending, she filed this civil rights suit in federal court against the defendants pursuant to 42 U.S.C. § 1983, seeking declaratory and injunctive relief to restore her benefits. Before the civil rights suit was tried or any affirmative relief granted to Ms. Doty, the Chief Administrative Officer of OKDHS decided the administrative proceeding in her favor, awarding her full retroactive and ongoing benefits. Over Ms. Doty's objection, the district court then dismissed the federal action as moot.

Ms. Doty's attorneys subsequently applied in the district court for an award of $26,010 in attorney's fees, representing work performed on her behalf in federal court. She sought these fees as a prevailing party under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1988(b) (providing that "[i]n any action or proceeding to enforce a provision of [42 U.S.C. § 1983], the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs. . ."). The district court denied her application for fees, concluding that she was not a "prevailing party" entitled to fees within the meaning of § 1988. She appealed.

"Whether a litigant qualifies as a 'prevailing party' under a fee-shifting statute such as § 1988 is a question of law that we review de novo." *Kansas Judicial Watch v. Stout*, 653 F.3d 1230, 1235 (10th Cir. 2011). Having reviewed the parties' briefs,

the record, and the applicable law under this standard of review, we conclude the district court properly denied Ms. Doty's application for attorneys' fees.

The judgment of the district court is accordingly affirmed.

Entered for the Court


John C. Porfilio
Circuit Judge